## MANUEL HOOVER *against* DAVID SHIELDS.

The sale of part of mortgaged land by the sheriff, upon a judgment against one to whom the mortgagor had sold, divests the lien of the mortgage *pro tanto:* and a subsequent sale of such part by the sheriff upon the mortgage, vests no title in the purchaser.

The circumstance that the proceeds of the sale upon the judgment, were received by the plaintiff in that judgment, does not alter the case: nor is it sufficient evidence to establish the fact, that such plaintiff purchased the land subject to the mortgage.

APPEAL by the plaintiff, from the Circuit Court of *Washington* county, held by *Justice Huston.*

This was an action of ejectment for 100 acres of land on the Monongahela river, brought by *Manuel Hoover* against *David Shields.*

*Manuel Hoover,* senior, the father of the plaintiff, under whom both parties claimed, was the owner of 227 acres of land, of which the land in dispute was a part. On the 13th March, 1815, he sold and conveyed the same to *Charles De Hass,* for $7958, and at the same time took a mortgage to secure the payment of $3659, part of the purchase money. This mortgage was sued in 1820, and in 1822 a judgment was obtained thereon for $2020 43. Subsequently the plaintiff died, and *Manuel Hoover,* his executor, the present plaintiff, was subtituted: he procured a *levari facias* to issue; upon which the mortgaged premises were sold to him, for $400, and for which he obtained the sheriff's deed 30th March, 1827. This was the plaintiff's case.

For the defendant it appeared, that on the 30th December, 1815, *Charles De Hass* sold and conveyed in fee-simple, 142 acres of the land conveyed to him by *Hoover,* and which embraced the land in dispute, to *John Neal* for $4779. In 1820 a judgment was obtained in favor of *David Shields* and others against *John Neal,* for $6190, upon which, in 1825, an *alias fi. fa.* issued, which was levied on the 142 acres, and which was condemned and sold, on a *ven. expos.* to *David Shields* the defendant, for $550: who obtained the sheriff's deed therefor, on the 4th April, 1826. It also appeared that the proceeds of this sale were applied to *David Shields'* judgment.

The opinion of his Honor who tried the cause, was that the first sale of the land, upon the Judgment of *Shields* and others, divested the lien of the mortgage; and that the second sale, upon the mortgage judgment, vested no title in the plaintiff.

(Manuel Hoover *v.* David Shields.)

The jury found accordingly for the defendant, upon which judgment was entered, and the plaintiff appealed.

*Kennedy* for the appellant

Contended, that this case differed materially from the ordinary case of a sale of mortgaged land upon a junior judgment; in this, that in this case but a part of the mortgaged premises was sold. To decide, that the lien of this mortgage was divested by a sale of a part of the mortgaged premises, would be to establish the principle, that it is in the power of a mortgagor to fritter up the property mortgaged, and have the same sold by piece-meal, to the manifest prejudice of the mortgagee, and in violation of his contract.

But it should have been submitted to the jury to determine, whether *Shields* did not purchase, subject to the mortgage; and the circumstance of his having received the proceeds of the first sale; upon his own judgment, is strong evidence of that fact.

*Walter Forward* for the appellee.

The right to divide property is incident to the title of a mortgagor; but the assumption of the fact, that a division of property deteriorates its value, is gratuitous, and generally not realized by experience.

Whether a purchaser at sheriff's sale buys subject to a mortgage, is a matter of evidence: and it requires strong and unequivocal proof to establish it. Here there is no such proof; and if there is any inference at all, it is very weak.

Judgment affirmed.